## THOMPSON v. PURNELL.

1. REMITTITUR OF USURY. When the error assigned in this Court strikes at usury included in the judgment of the court below, and the appellee, who is the plaintiff, confesses the error, he may remit the usury, and have judgment for the principal without interest.
2. SAME: COSTS. In such case judgment should be rendered against the plaintiff and appellee for the costs in the appellate court and in the court below.
3. SAME: INTEREST. Judgment should also be rendered against the defendant and appellant, in favor of the State for the use of the school fund of the proper county, for ten per centum per annum upon the principal sum loaned.

<em>Appeal from Johnson District Court.</em>

THURSDAY, DECEMBER 22.

ACTION on a promissory note. Defendant answered, admitting the execution of the note sued on but alledging that it was usurious and that it was substituted for another note which was also usurious. On these allegations issue was joined, and on the trial the court excluded all of the testimony of the defendant which related to the note for which the one in action was substituted. Defendant excepted to the exclusion of this testimony and appeals.

*Templin & Fairall* for the appellant, cited as against the ruling of the court below, *Pearson* v. *Bailey*, 23 Ala. 537; *Walker* v. *Bank of Washington*, 3 How. U. S. 62; *Baggs* v. *Loudenback*, 12 Ohio 153; *Langford* v. *Woodruff*, 1 Rich. 6; *Dorling* v. *Narch*, 9 Ship. 184; *Duval* v. *Farmers' Bank*, Gill. & Johns. 44; *Edwards* v. *Skiving*, 1 Brev. 548; *Lowell* v. *Johnson*, 2 Shep. 2403.

*Edmunds & Ransom* for the appellee, confessed the error, offered to remit the excess of the judgment below, and asked for judgment in this court for the amount of principal due, citing 1 H. Bla. R. 643 ; W. Bla. 1300 ; 1 Arch Pr. 221; 4 Scld. 422 *et seq.* They also argued that as appellant had not assigned the judgment in the court below against the defendant for costs as error, that that judgment should not be disturbed by the appellate court, citing *Sands* v. *Wood*, 1 Iowa 263 ; *Campbell* v. *The County of Polk*, 3 Ib. 467 ; *Hosmer* v. *Chandler*, Ib. 150 ; *Dean* v. *White & Haight*, 5 Ib. 266 ; *Lorieux* v. *Keller*, Ib. 196.

WRIGHT, C. J.—The defendants, among other defences, plead usury, and in this court assign for error, the rulings of the District Court as to such defence. Plaintiff confesses the errors, offers to remit the whole amount of usury claimed and asks for judgment in this court for the principal sum loaned, without interest.

*Held*, that it is competent for the plaintiff thus to remit, and for this court to render such judgment as the court below should have rendered, Code section 1889, which in this case, as between the plaintiff and defendant, is the sum loaned, without interest.

*Held* also, that under the law, Acts 1852-3, chapter 37, section 5, plaintiff was liable for all costs, both in this and the court below.

*And held further*, that defendants are liable to the State for the use of the school fund of Johnson County, for ten per centum per annum interest on the principal sum loaned, and that judgment be entered against them for the same.